UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN B. FRANCIONI, IV | CIVIL ACTION |
| VERSUS | 15-528-SDD-EWD |
| HARTFORD CASUALTY INSURANCE COMPANY, ET AL. | |

### RULING

This matter is before the Court on the *Motion for Summary Judgment*[1] filed by Defendant Southern Farm Bureau Casualty Insurance Company ("Defendant"). Plaintiff John Francioni, IV ("Plaintiff") has filed an *Opposition*,[2] to which Defendant filed a *Reply*.[3] For the following reasons, the Court finds that Defendant's motion should be granted.

### I.     FACTUAL & PROCEDURAL BACKGROUND

This lawsuit arises out of a motor vehicle accident which occurred on July 21, 2014 on Perkins Road in Baton Rouge, Louisiana.[4] Plaintiff was driving a 2005 Dodge Stratus when he was struck by a 2001 Lincoln Navigator being driven by Martin Fuentes ("Fuentes"). At the time of the accident, the owner of the Lincoln Navigator was Sarah Bryant ("Bryant"), who was a guest passenger at the time of the accident and Fuentes' girlfriend with whom he resided.

Bryant and Fuentes lived together at Bryant's home for six months prior to the

---

[1] Rec. Doc. No. 38.
[2] Rec. Doc. No. 41.
[3] Rec. Doc. No. 45.
[4] Rec. Doc. No. 20.
37725

accident and for another seven months following the accident.[5]  Bryant's Navigator was insured by Hartford Casualty Insurance Company.  Fuentes was insured by a policy of automobile liability insurance issued by the Defendant for his 1997 Ford Ranger.  Fuentes' policy did not include the Lincoln Navigator as a covered automobile.[6]

Plaintiff herein seeks coverage under the Defendant's policy, arguing that the policy covers Fuentes' negligent acts or omissions while acting as a permissive user of a vehicle.  Defendant denies that such coverage is available under the policy and moves for summary judgment arguing that, although coverage is extended for the use of "other private passenger autos" and "temporary substitute private passenger autos," it excludes coverage if such unidentified automobiles are made available for the "regular use" of the insured.  Because Defendant contends the evidence establishes that Bryant's Lincoln Navigator was made available for Fuentes' regular use, the coverage sought is excluded by the policy.

## II.     LAW AND ANLYSIS

### A.  Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7]  "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[8]  A party moving for summary judgment "must 'demonstrate the absence

---

[5] Rec. Doc. No. 38-5, p. 3; Examination Under Oath (EUO) of Martin Fuentes, p. 8.
[6] *See* Rec. Doc. No. 38-4.
[7] Fed. R. Civ. P. 56(a).
[8] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
37725

of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[9] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[10] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[11]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[12] All reasonable factual inferences are drawn in favor of the nonmoving party.[13] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[14] "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint."'"[15]

---

[9] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[10] *Rivera v. Houston Independent School Dist.,* 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[11] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[12] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[13] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[14] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[15] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
37725

**B. The Policy Language**

Fuentes' policy, Policy No. MV01174630 issued by Defendant, provides in pertinent part, as follows:

**BODILY INJURY- COVERAGE A**
**PROPERTY DAMAGE- COVERGE B.**

We will pay damages for bodily injury and property damage you are legally obligated to pay," except punitive damages, caused by an accident, and arising out of the ownership, maintenance, and use of your auto.  For the purpose of this coverage, the words "covered person(s)" include any members of your household and any person or organization legally responsible for the use of your auto with your permission. "Covered person(s)" does not include the United States of America or any of its agencies.

We will settle or defend, as we consider appropriate, any claim or suit asking for damages for bodily injury or property damage.  We will use attorneys of our choice.  In addition to our limit of liability, we will pay all defense costs we incur.  Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted.  We have no duty to defend any suit or settle any claim for bodily injury or property damage not covered under this policy.

* * *

**COVERAGE EXTENSIONS**

When your policy insures a private passenger auto for Bodily Injury and Property Damage Liability Coverage, we will provide those same coverages for the use of certain other private passenger autos.

1.   Use of Other Private Passenger Autos.

Coverage applies to you or dependent relatives living in your household while using another private passenger auto.   However, the private passenger auto cannot be:

   a.   owned by you or dependent relatives of your household; or
   b.   furnished or available for regular use by you or dependent relatives of your household.

>    This extension applies only on policies issued to individual persons, not organizations.
>
>    2.    Temporary Substitute Private Passenger Autos.
>
>    You and dependent relatives living in your household have coverage for the use of a private passenger auto while it is a temporary substitute for your private passenger auto.  Your private passenger auto must be out of use because of breakdown, repair, servicing, loss or destruction.
>
>    The temporary private passenger auto cannot be:
>
>    > a.    owned by you or dependent relatives of your household; or
>    > b.    made available for the regular use of you or dependent relatives of your household.

### C. Interpretation of Insurance Contracts[16]

Because subject matter jurisdiction in this case is based on diversity of citizenship, the Court applies the law of the forum state.  In Louisiana, in an action under an insurance contract, the insured bears the burden of proving the existence of policy and coverage.  The insurer, however, bears the burden of showing any policy limits or exclusions.[17]  Summary judgment declaring a lack of coverage under an insurance policy is not proper unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded.[18]

---

[16] Defendant notes that there is a potential choice of law issue in this case since its policy was issued to an Arkansas insured; however, Defendant concedes that the rules for insurance policy construction are similar under both Louisiana and Arkansas law such that there is no true choice of law conflict regarding the regular use exclusion and this issue need not be addressed to find Defendant entitled to summary judgment.

[17] *Tunstall v. Stierwald*, 2001–1765 (La.2/26/02), 809 So.2d 916; *Curry v. Taylor*, 40,185 (La.App.2d Cir.9/21/05), 912 So.2d 78; *Whitham v. Louisiana Farm Bureau Casualty Insurance Company*, 45,199 (La.App.2d Cir.4/14/10), 34 So.3d 1104.

[18] *Elliott v. Continental Casualty Company,* 2006–1505 (La.2/22/07), 949 So.2d 1247; *Reynolds v. Select Properties, Ltd.,* 93–1480 (La.4/11/94), 634 So.2d 1180; *Palmer v. Martinez*, 45,318 (La.App.2d Cir.7/21/10), 42 So.3d 1147, *writs denied*, 2010–1952, 2010–1953, 2010–1955 (La.11/5/10), 50 So.3d 804, 805.

37725

An insurance policy is a contract between the parties and should be construed using ordinary contract principles. The parties' intent, as reflected by the words of the policy, determines the extent of coverage. An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. However, if after applying the other rules of construction an ambiguity remains, the ambiguous provision is to be construed against the drafter and in favor of the insured.[19]

Louisiana courts have held that insurance companies have the right to limit coverage in any manner they desire, as long as the limitations do not conflict with statutory provisions or public policy.[20] On many occasions, Louisiana courts have also addressed the type of exclusionary clause at issue here:

> The jurisprudence of Louisiana has held that the purpose of the type of exclusionary clause involved here is to exclude from coverage non-owned automobiles over which the insured has "general authority of use." *Curry v. Taylor, supra*. The phrase "available for regular use" encompasses the vehicle which is accessible, obtainable and ready for immediate use. The phrase, "furnished for regular use" means that the vehicle is provided, supplied or afforded to the individual according to some established rule or principle or used in steady or uniform course, practice or occurrence as contrasted with being furnished for use only on casual, random, unpredictable or chance occasions. *Curry v. Taylor, supra*; *Whitham v. Louisiana Farm Bureau Casualty Insurance Company, supra*.
>
> The so-called "regular use" exclusion for non-owned autos is a typical and common policy provision. It relieves the insurance company of the unfair burden of insuring an automobile not listed in the policy which an insured uses regularly but for which the insured pays no premium. In other words, the "regular use" exclusion prevents the insurance company from being exposed to a risk for which it is not compensated. *Seymour v. Estate of*

---

[19] *Curry v. Taylor, supra*; *Whitham v. Louisiana Farm Bureau Casualty Insurance Company, supra*.
[20] *Elliott v. Continental Casualty Company, supra*; *Reynolds v. Select Properties, Ltd., supra*; *Chretien v. Thomas*, 45,762 (La.App.2d Cir.12/15/10), 56 So.3d 298.
37725

*Karp*, 2005–1382 (La.App. 4th Cir.7/31/08), 996 So.2d 1. *See also Romano v. Girlinghouse*, 385 So.2d 352 (La.App. 1st Cir.1980).[21]

The primary issue before the Court is whether Bryant's Navigator was made available for Fuentes' regular use.

### 1. "Available for Regular Use"

Defendant moves for summary judgment arguing that there is no coverage under the Farm Bureau policy because the Lincoln Navigator was made available for Fuentes' regular use. Defendant cites the decisions in *Chon v. Allstate Insurance Company*[22] and *Daniels v. Jenkins*.[23] In *Chon*, the two defendants resided together at the same address and individually owned two separate vehicles. Each would, on occasion, use the other's automobile. The appellate court affirmed the district judge's granting of the insurer's motion for summary judgment, finding "the evidence clear and void of reasonable factual dispute that [the defendant's] housemate's (who was a non-relative) vehicle was used by him and *available* for his regular use."[24] The *Chon* court continued: "We agree that [the defendant] had [his housemate's] vehicle available for his regular use because it was accessible, obtainable, and ready for immediate use. This is consistent with the common and general usage of the word 'available'."[25] In *Daniels*, the court held that a vehicle owned by the driver's co-habitant was available for her regular use where keys to the vehicle were readily available for errands, and the evidence established that the driver did not need permission to take the vehicle in running those errands.[26]

---

[21] *Gonzales v. Geisler*, 46,501 (La. App. 2 Cir. 9/21/11); 72 So.3d 992, 996.
[22] 522 So.2d 690 (La. App. 5th Cir. 1988).
[23] 98-0285 (La. App. 4 Cir. 3/25/98); 709 So.2d 362.
[24] *Chon*, 522 So.2d at 692 (emphasis in original).
[25] *Id.*
[26] *Id.*
37725

Plaintiff attempts to distinguish both *Chon* and *Daniels* from the facts of this case. Plaintiff contends *Chon* is inapplicable because *Chon* involved a vehicle that was garaged for repairs at the time of the accident and an owner who rarely drove due to back problems. Plaintiff argues that *Daniels* is inapplicable because, in *Daniels*, the driver was not required to obtain permission to drive the owner's vehicle, the driver testified that she ran all of her errands in the subject vehicle, and the driver actually operated the vehicle more often than the owner.[27]

Here, Plaintiff contends that Fuentes did not own or possess a key to Bryant's Lincoln Navigator, did not pay for or contribute to any insurance premiums for the Navigator, and did not help maintain this vehicle.[28] Plaintiff further contends Fuentes had no ownership interest in the Navigator and that Fuentes and Bryant were not married or dependents of one another. Plaintiff claims Fuentes did not operate the Navigator unless Bryant was a guest passenger, as it was her preference that he drive.[29] Plaintiff further claims that Fuentes testified that it was "very rare" for him to use Bryant's vehicle when she was not a passenger.[30] Plaintiff states that Fuentes "only operated Ms. Bryant's vehicle as a permissive user when permission was granted by Ms. Bryant."[31]

While Plaintiff correctly cites to Fuentes' testimony regarding the above facts, he ignores other relevant testimony. Particularly damaging to Plaintiff's claims, Fuentes was asked if he "could have used [Bryant's] vehicle any time he wanted," to which he

---

[27] *See Daniels*, 709 So.2d at 364.
[28] Rec. Doc. No. 41, p. 6, citing Exhibit B, EUO of Martin Fuentes, p. 10, lines 13-17.
[29] *Id.* at p. 7, citing Exhibit B, EUO of Martin Fuentes, p. 11, lines 9-10, 14-16.
[30] *Id.*, citing Exhibit B, EUO of Martin Fuentes, p. 15, lines 8-12.
[31] *Id.*

37725

responded, "Yes, sir."[32]  Fuentes was then asked, "Would you have to ask her permission or could you just walk out and pick up the keys and go drive her vehicle?"[33]  Fuentes answered: "I probably could have just walked out and just drove" … I mean I probably went to the store a few times where we just hang our keys up on the wall and go."[34]  Fuentes testified that he had purchased gas for Bryant's vehicle,[35] and that he and Bryant would drive the vehicles interchangeably as though they jointly owned them.[36]  Fuentes further testified that he and Bryant could have used each other's vehicles "any time [they] wanted."[37]  Fuentes also testified that he and Bryant used her vehicle "[u]sually just like on the weekends or if we did something,"[38] which does not demonstrate rare or occasional use.  Considering the entirety of Fuentes' testimony, and not only Plaintiff's cherry-picked offerings, it is clear to the Court that Bryant's Navigator was available to Fuentes for his regular use.  Additionally, Fuentes' lack of ownership interest in the Navigator, and the marital status of Fuentes and Bryant, are irrelevant to the determination of whether the Navigator was available for Fuentes' regular use.  Further, Plaintiff has failed to present any jurisprudence suggesting that one does not have "regular use" of a vehicle if the owner is usually a guest passenger.

The Court finds *Chon* and *Daniels* factually indistinguishable and directly applicable to the present case.  Fuentes' testimony establishes that Bryant's Lincoln Navigator was available for his regular use for the duration of their co-habitation.

---

[32] Rec. Doc. No. 38-5, p. 5; EUO of Fuentes, p. 15, lines 13-14.
[33] *Id.*; EUO of Fuentes, p. 15, lines 15-16.
[34] *Id.*; EUO of Fuentes, p. 15, lines 17, 19-20.
[35] *Id.*; EUO of Fuentes, p. 15, lines 21-22.
[36] *Id.* at p. 6; EUO of Fuentes, p. 17, lines 9-19.
[37] *Id.*; EUO of Fuentes, p. 18, lines 3-5.
[38] *Id.* at p. 4; EUO of Fuentes, p. 10, lines 10-12.

37725

Defendant's motion for summary judgment shall be granted.

 2. <u>Vague or Ambiguous Contract Language</u>

The Court rejects Plaintiff's alternative argument that the provision at issue is vague and ambiguous in failing to distinguish a permissive user from a permissive user utilizing a vehicle available for regular use, thus warranting its interpretation in his favor and a finding of coverage.  First, as apparent from the wealth of jurisprudence on this issue, "[t]he so-called 'regular use' exclusion for non-owned autos is a typical and common policy provision."[39]  Louisiana courts have long-rejected the ambiguity argument as to "regular use" exclusions.  In *Brouillette v. Fireman's Fund Ins. Co.*,[40] the court specifically held that the exclusion is not ambiguous:

> As to the latter contention-that the exclusion provision is ambiguous-, the weight of authority is against the plaintiff's position. The exclusion from policy coverage of vehicles 'furnished for the regular use' of a named insured (except of course for those listed as insured by the policy) has in Louisiana and elsewhere consistently been held to be an unambiguous exclusion under the ordinary meaning of the terms used, although the application of the exclusion is a question of fact, with no hard and fast rule established to determine such question, which depends upon an examination of the facts in each case according to the general criteria of the terms used.[41]

Furthermore, Plaintiff fails to cite any case holding such an exclusion to be vague or ambiguous.   As one Louisiana appellate court stated:

> As previously noted, an insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. We find no ambiguity in the Economy policy. It provides coverage for a "non-owned automobile." However, the policy definition for a "non-owned automobile" does not include a vehicle "made available for regular use" by the insured. The reason for this is obvious—if

---

[39] *Seymour v. Estate of Karp*, 2005-1382 (La. App. 4 Cir. 7/31/08); 996 So.2d 1, 4.
[40] 163 So.2d 389 (La.App. 3 Cir.1964).
[41] *Id.*, at 391; *see also Romano v. Girlinghouse*, 385 So.2d 352 (La.App. 1 Cir.1980).
37725

the insurance company were to be exposed to that risk on a regular basis throughout the term of the policy, it would require an additional premium. The policy does, however, provide coverage if the insured temporarily or infrequently uses a non-owned automobile provided to a resident of the insured's household. Such occasional exposure to risk is more acceptable to the insurer because it does not provide constant coverage for such a vehicle for the duration of the policy. Instead, the insurer briefly provides additional coverage in rare situations, i.e., the child of the insured who is a household resident has a company car made available for his or her regular use which the insured moves out of the driveway or drives to the store on a quick errand.[42]

Accordingly, the policy provisions at issue are not vague and ambiguous, and the Defendant is entitled to summary judgment as a matter of fact and law.

### III. CONCLUSION

For the reasons set forth above, *Motion for Summary Judgment*[43] filed by Defendant Southern Farm Bureau Casualty Insurance Company is GRANTED. The claims of Plaintiff John Francioni, IV are dismissed with prejudice.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>March 15, 2017</u>.

*[signature]*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[42] *Gonzales*, 72 So.3d at 996-97.
[43] Rec. Doc. No. 38.
37725